Submitted April 28, vacated and remanded June 3, 2020

In the Matter of I. S.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. S.,
*Appellant.*

Douglas County Circuit Court
18JU08685;
Petition Number 00491103;
A172924

466 P3d 716

Jason R. Thomas, Judge pro tempore.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Vacated and remanded.

## PER CURIAM

In this juvenile dependency appeal, mother challenges the juvenile court's judgment changing her son's permanency plan from reunification to adoption. She raises seven assignments of error. In her first assignment of error, she claims that the court erred by holding the permanency hearing without providing her the statutorily required notice under ORS 419B.473(2), which requires a court to provide notice of the time and place of the permanency hearing to a parent whose rights have not been terminated. The Department of Human Services (DHS) concedes the error and that the error requires us to reverse and remand under the circumstances present here. We agree.

In this case, mother failed to appear for a review hearing in August in which the juvenile court set the time and date for the November permanency hearing at issue on appeal. The court did not subsequently send mother written notice of the scheduled permanency hearing, and she did not appear for the November hearing. DHS concedes that the record supplies no basis to conclude that mother had received notice of the permanency hearing in some other form or fashion. This means, as DHS further concedes, that the court erred because it did not provide any type of notice of the permanency hearing to mother as it was required to do under ORS 419B.473(2). Further, under the particular circumstances of this case—where a parent received no notice of a permanency hearing whatsoever—DHS agrees that the appropriate disposition is to remand for further proceedings so that mother has a fair opportunity to participate in the permanency hearing. We agree and accept the state's concession. Our resolution of mother's first assignment of error is dispositive of this case; therefore, we need not, and do not, reach the remainder of mother's contentions on appeal.

Vacated and remanded.